IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEVIN JEROME JONES, <br> TDCJ No. 1169005, | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:23-cv-548-X-BN |
| R. BOWERS, ET AL., | § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Plaintiff Kevin Jerome Jones, a Texas prisoner proceeding *pro se*, brings claims that are difficult decipher but appear related to grievances that Jones filed at the facility where he is incarcerated. *See* Dkt. No. 2. Jones also moves for leave to proceed *in forma pauperis* (IFP). *See* Dkt. No. 3.

United States District Judge Brantley Starr referred Jones's lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should summarily dismiss this action without prejudice under 28 U.S.C. § 1915(g) unless, within the time to file objections to this recommendation or by some other deadline established by the Court, Jones pays the full filing fee of $402.00. The Court should also enter an appropriate sanctions warning considering Jones's established pattern of filing nearly indecipherable complaints after being subjected to the three-strikes bar.

## Section 1915(g) and Venue

Prisoners may not proceed IFP if, while incarcerated or detained in any facility, they have filed three or more civil actions or appeals in federal court that were dismissed as frivolous, malicious, or for failure to state a claim. *See* 28 U.S.C. § 1915(g).

Jones is subject to this three-strikes bar. *See Jones v. Spurlock*, No. 3:19-cv-66-G-BT (N.D. Tex.), Dkt. No. 6 at 2 (finding that Jones "has accrued three strikes under § 1915(g)" (citing *Jones v. Bd. of Pardons & Parole*, No. 18-11555 (5th Cir. Jan. 4, 2019) (finding that he was barred from proceeding IFP due to three strikes and dismissing appeal for failure to pay the filing fee))); *id.*, Dkt. No. 9 (judgment dismissing Jones's action as barred by Section 1915(g)).[1]

The only exception to this bar is when the prisoner is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). But, in order to meet the "imminent danger" exception, "the 'threat or prison condition [must be] real and proximate.'" *Valdez v. Bush*, No. 3:08-cv-1481-N, 2008 WL 4710808, at *1 (N.D. Tex. Oct. 24, 2008) (quoting *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003)). "Allegations of past harm do not suffice – the harm must be imminent or occurring at the time the complaint is filed." *Id.*; *see also McGrew v. La. State Penitentiary Mental Health Dep't*,

---

[1] *See also, e.g.*, *Jones v. Roberts*, No. 9:19-CV-65, 2019 WL 2521141 (E.D. Tex. May 15, 2019), *rec. adopted*, 2019 WL 2515316 (E.D. Tex. June 17, 2019) (recognizing that Jones is barred by Section 1915(g)); *Jones v. Hutto*, No. 3:19-cv-1359-N-BN, 2019 WL 3307068 (N.D. Tex. June 11, 2019), *rec. accepted*, 2019 WL 3304791 (N.D. Tex. July 23, 2019) (same); *Jones v. Johnson*, No. 9:19-CV-95, 2019 WL 3782137 (E.D. Tex. June 10, 2019), *rec. adopted*, 2019 WL 3776375 (E.D. Tex. Aug. 10, 2019) (same).

459 F. App'x 370, 370 (5th Cir. 2012) (per curiam) ("The determination whether a prisoner is under 'imminent danger' must be made at the time the prisoner seeks to file his suit in district court, when he files his notice of appeal, or when he moves for IFP status." (citing *Baños v. O'Guin*, 144 F.3d 883, 884-85 (5th Cir. 1998))).

A prisoner must also "allege specific facts" to support the imminent-danger exception. *Valdez*, 2008 WL 4710808, at *1. "General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g)." *Id.* (quoting *Niebla v. Walton Corr. Inst.*, No. 3:06-cv-275-LAC-EMT, 2006 WL 2051307, at *2 (N.D. Fla. July 20, 2006)).

The "specific allegations" must therefore reflect "ongoing serious physical injury" or "a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). For example, as to allegedly inadequate medical care, use of "the past tense when describing" symptoms (which should be corroborated by medical records or grievances) does not allege imminent danger. *Stone v. Jones*, 459 F. App'x 442, 2012 WL 278658, at *1 (5th Cir. Jan. 31, 2012) (per curiam).

And there must be a nexus between the claims made and the imminent danger alleged. *See Stine v. Fed. Bureau of Prisons Designation & Sentence Computation Unit*, No. 3:13-cv-4253-B, 2013 WL 6640391, at *2 (N.D. Tex. Dec. 17, 2013) (citations omitted), *aff'd*, 571 F. App'x 352 (5th Cir. 2014) (per curiam).

As Jones's current civil action falls under the three-strikes provision, he may not proceed without the prepayment of fees unless he shows that he is subject to

imminent danger of serious physical injury. But his complaint lacks substantive factual allegations to show that he is currently in imminent danger of serious physical injury as to overcome Section 1915(g). The Court should therefore bar Jones from proceeding IFP. *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996).

And, insofar as Jones, convicted by a state court in this district, is not incarcerated in this district and venue may not be proper in this district, *see* 28 U.S.C. § 1391(b), transfer of this case would not be in the interest of justice for the reasons set out above, *see id.* §§ 1404(a), 1406(a). Nor does the improper venue statute protect Jones from his choice of the wrong venue. *See Olberding v. Ill. Cent. Ry. Co.*, 346 U.S. 338, 340 (1953) ("[A] plaintiff, by bringing the suit in a district other than that authorized by the statute, relinquishe[s] his right to object to the venue.").[2] But, if Jones does pay the filing fee or if the Court otherwise finds a basis to serve his complaint, venue could be revisited at that time.

## Sanctions Warning

Since 2019, Jones has continued to regularly file lawsuits in this district (and

---

[2] *Cf. Utterback v. Trustmark Nat'l Bank*, 716 F. App'x 241, 244 (5th Cir. 2017) (per curiam) ("When a case is filed in the wrong venue, 28 U.S.C. § 1406(a) instructs district courts either to dismiss or, 'if it be in the interest of justice,' to transfer to a district where venue is proper. Section 1406(b) adds that '[n]othing in this chapter shall impair the jurisdiction of a district court of any matter involving a party who does not interpose timely and sufficient objection to venue.' Like personal jurisdiction, venue is 'designed to protect the defendant against the risk that a plaintiff will select an unfair or inconvenient place of trial.' Therefore, 'a plaintiff, by bringing the suit in a district other than that authorized by the statute, relinquishe[s] his right to object to the venue.' Where defendants waive their objection to venue, as they did in this case, 28 U.S.C. § 1406(a) affords plaintiffs no relief." (citations omitted)).

elsewhere) while barred from proceeding IFP under Section 1915(g) – and, in all these actions, Jones's factual assertions have been almost indecipherable. *See, e.g.*, cases cited *supra* note 1; *Jones v. Davis*, No. 3:19-cv-2843-N-BN, 2019 WL 7562387 (N.D. Tex. Dec. 4, 2019), *rec. accepted*, 2020 WL 128464 (N.D. Tex. Jan. 10, 2020); *Jones v. Lumpkin*, No. 3:22-cv-2357-N-BT, 2022 WL 17572108 (N.D. Tex. Oct. 28, 2022), *rec. accepted*, 2022 WL 17566358 (N.D. Tex. Dec. 8, 2022); *Jones v. Bowers*, No. 3:22-cv-1783-E-BK, 2022 WL 17979829 (N.D. Tex. Sept. 26, 2022), *rec. accepted*, 2022 WL 17978809 (N.D. Tex. Dec. 28, 2022); *Jones v. Bowers*, No. 3:22-cv-2559-L-BN, 2023 WL 322493 (N.D. Tex. Jan. 19, 2023).

"[T]he judicial system is generally accessible and open to all individuals." *Kaminetzky v. Frost Nat'l Bank of Hous.*, 881 F. Supp. 276, 277 (S.D. Tex. 1995). But "district courts have an obligation to protect the orderly administration of justice and prevent abuse of the court's process by frivolous and vexatious litigants[, which means p]ro se litigants have 'no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.'" *Ruston v. Dall. Cnty., Tex.*, No. 3:07-cv-1076-D, 2008 WL 958076, at *2 (N.D. Tex. Apr. 9, 2008) (quoting *Farguson v. MBank Hous., N.A.*, 808 F.2d 358, 359 (5th Cir. 1986)).

Because Jones's frequent repetitive frivolous filings have clogged this district for several years, the Court should warn Jones that, if he continues to file frivolous or malicious complaints, the Court will docket and then administratively close all such complaints subject to 28 U.S.C. § 1915(g) where the complaint lacks substantive factual allegations to show that Jones is currently in imminent danger of serious

physical injury as to overcome Section 1915(g).

## Recommendation

The Court should summarily dismiss this action without prejudice under 28 U.S.C. § 1915(g) unless, within the time to file objections to this recommendation or by some other deadline established by the Court, Plaintiff Kevin Jerome Jones pays the full filing fee of $402.00 and enter an appropriate sanctions warning.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 21, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE